**SUMMONS ISSUED**

CV 12 3941

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 08 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TED TANENBAUM,

                        Plaintiff,

   -against-

United Health Care/ Oxford Insurance Company,

                        Defendants.
---------------------------------------------------------------X

Docket No.

Civil Action No.

**COMPLAINT and DEMAND FOR JURY TRIAL**

FEUERSTEIN, J
BROWN, M.J.

        Plaintiffs, by his attorneys, **TED J. TANENBAUM & ASSOCIATES, P.C.**, complaining of the defendants herein, respectfully allege to this Court upon information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 29 USC § 1002 et. seq. (ERISA, Employee Retirement Income Security Act) §502(a)(1)(b), including an "ERISA" covered health insurance plan, and because complete diversity exists between the parties, as Plaintiff is a citizen of the State of New York, which is different from the States where the defendant is incorporated and has it's principal place of business.

2. Venue is proper within this District because Plaintiff resides within District and the defendant's health insurance policy was sold within the District.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

3. This is an action for damages suffered by Ted Tanenbaum ("Plaintiff") as a direct and proximate result of defendant's wrongful evaluation in handling of a claim under the Plaintiff's health insurance plan issued by United Health Care/ Oxford Insurance Company under member number 994881101, claim number: 1145202032.02.

4. Plaintiff's plan with defendants was a qualified "ERISA" plan.

## PARTIES

5. Plaintiff, Ted Tanenbaum, is a citizen of the United States of America, and is a citizen of the State of New York, residing in Bellmore, New York.

6. Plaintiff, Ted Tanenbaum, was born on October 21, 1948.

7. Upon information and belief United Health Care/ Oxford Insurance is a corporation organized and existing under the laws of Connecticut and does business within the States of New York and has it's principal place of business at 48 Monroe Turnpike, Trumbull, CT 06611.

## FACTUAL BACKGROUND

8. On May 19, 2011, the Plaintiff received medical benefits from Dr. William Myers which included a pelvic floor repair procedure needed for a condition known as "athletic pubalgia syndrome". This condition is suffered when the rectus abdominal muscles tear from the pubis and

needs to be reattached.

9. Plaintiff duly submitted to United Health Care/ Oxford Insurance Company, under his health insurance plan member number 994881101, a claim for this operation, under claim number: 1145202032.02 in the billing amount of Eight Thousand Dollars ($8,000.00) to Dr. William Myers.

10. This medical provider Dr. William Myers is an out of network health care provider (surgeon) and there was a provision in Plaintiff's insurance contract with the defendant that he was afforded coverage for out of network medical treatment.

11. Initially the claim was denied as being medically unnecessary. Pursuant to the internal processes of the United Health Care / Oxford Insurance Company the appeal was taken to a second level where that position continued to be taken that the procedure was not medically necessary and then taken to a third level where it was also not considered to be medically necessary.

12. Then Plaintiff's claim was authorized to proceed through the New York State Department of Financial Services which referred it for an outside review to an independent agency which reversed the insurance company's determination that the procedure was not medically necessary and found that the procedure was indeed medically necessary and said that the claim should be covered and paid by United Health Care/ Oxford Insurance Company.

13. That after the external independent review was completed, that United Health Care/ Oxford Insurance Company then issued a check to the Plaintiff for One Thousand Six Hundred and Thirty Dollars and 30/100 ($1,630.30) and reclassified the UCR fee schedule coding (usually customary and reasonable) from that provided by Dr. Myers which was 718.5, 848.5, 848.8, 848.9, generally 4999 to a coding of 49525 which is a "general hernia repair".

14. Dr. William Myers has transmitted to both United Health Care/ Oxford Insurance Company and myself a letter clearly establishing that this procedure is not a "hernia repair" but rather an "athletic pubalgia repair" involving a much more complicated procedure and that he is the leading expert in this field in the United States and has no similarity to a "hernia repair".

15. United Health Care/ Oxford Insurance Company calculated the figure transmitted to the Plaintiff of One Thousand Six Hundred and Thirty Dollars and 30/100 ($1,630.30) by taking Two Thousand Three Hundred Twenty Nine Dollars ($2,329.00) as the maximum amount for a reasonable "hernia repair" and deducting thirty percent (30%) as is provided in the health insurance plan maintained by the Plaintiff.

16. If the health insurance companies, namely United Health Care/ Oxford Insurance Company, had used the correct calculation taken from Dr. Myers bill of Eight Thousand Dollars ($8,000.00), which was completely paid by the Plaintiff, and had coded properly and deducted the thirty

percent (30%) required by the insurance policy, there would have been a reimbursement of Five Thousand Six Hundred Dollars ($5,600.00), and then deducting the One Thousand Six Hundred and Thirty Dollars and 30/100 ($1,630.30) already paid, the amount now owed to the Plaintiff is Three Thousand Nine Hundred Sixty Nine Dollars and 70/100 ($3,969.70) as unreimbursed expenses for a procedure that was originally denied by the insurance company, then ordered to be covered by the insurance company by an independent outside reviewer and then miscoded the procedure to call it something which it was not, namely a "hernia repair procedure", owing the Plaintiff the total of Three Thousand Nine Hundred Sixty Nine Dollars and 70/100 ($3,969.70).

17. All internal procedures attempting to resolve this situation have been completed and United Health Care/ Oxford Insurance Company continues to maintain that this procedure was a "hernia repair" and not the procedure denoted by Dr. William Myers, athletic pubalgia repair, in all of his correspondence and my correspondence to the insurance companies.

18. The only remedy the insurance company now offered to Plaintiff is to bring an action in the Federal Court under "ERISA" to resolve this issue concerning miscoding of insurance procedures. There is no outside review available other than through this court and the insurance company itself recommended Plaintiff pursue this course if Plaintiff felt it was necessary.

## FIRST CAUSE OF ACTION
## AS AGAINST THE DEFENDANTS
## (BREECH OF CONTRACT)

19. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

20. Defendant's had a duty to exercise reasonable evaluation of proper claim submitted to them and they have failed to do so.

21. In fact they have advised me that the only medical reviewer they had was their medical director, who is an obstetrician/ gynecologist by training, not in any way familiar or qualified to evaluate this type of claim.

22. This medical reviewer was not qualified to make an evaluation on this claim and for that reason this claim should not have been denied for the amount aforementioned (namely $8,000.00).

23. That as part of the insurance contract the Plaintiff had a right to an out of network reimbursement pursuant to the schedule of seventy percent (70%) of the usual customary and reasonable cost of said procedure. Dr. Myers believes that the Eight Thousand Dollars ($8,000.00) is the usual and customary fee for a procedure of this type and that the defendants have not provided any information to me which indicate that the usual and customary fee schedule for this type of procedure is something different than the Eight Thousand Dollars (8,000.00). In fact they have indicated that they believe this operation to be a hernia repair, which is a

completely separate, different and distinguishable reimbursement rate.

24. Pursuant to "ERISA" the United Health Care/ Oxford Insurance Company, has provided to me all documents in their possession regarding the evaluation of the claim, and there is no document in their possession which contradicts any of the statements made by the Plaintiff in this action that the dispute concerns whether this was a "hernia" or a much more complicated procedure, namely a "left pelvic floor repair, left abductor release and steroid injections under diagnosis codes 718.85, 848.5, 848.8 and 848.9" totaling Eight Thousand Dollars ($8,000.00).

**WHEREFORE,** Plaintiff demands judgment against the defendants, and each of them, individually, jointly and severally and requests compensatory damages in a sum in excess of $3,970 together with punitive damages, interest, attorneys fees, cost of suit, and all such other relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS (PUNITIVE DAMAGES)

25. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

26. At all times relevant hereto, defendants knew or should have known that the claim being presented was legitimate.

27. At all times hereinafter mentioned, defendants attempted to forestall the proper and representative reimbursement to the insured for the claim

being made.

28. That at all times hereinafter mentioned defendants intentionally and knowingly attempted to not pay this claim and when eventually they were forced to pay this claim, grossly underpaid it.

29. Defendants continued to intentionally conceal and/ or recklessly and grossly negligently are attempting to keep their reimbursements to their insures at the lowest rate possible and therefore declining most claims without proper processing.

30. As a foreseeable, direct and proximate cause of these wrongful acts and omissions of the defendant, Plaintiff was caused to suffer economic damages, including loss of monies duly owed and paying and further has expended unnecessary time in attempting to prosecute a legal and legitimate medical claim against his own insurance carrier.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the defendants on each of the above- referenced claims and Causes of Action and as follows:

1. Awarding compensatory damages to Plaintiff for out of pocket expenses in the amount of Three Thousand Nine Hundred Seventy Dollars ($3,970.00);

2. Punitive and/ or exemplary damages for the wanton, willful and fraudulent acts of the defendants;

3. Awarding Plaintiff reasonable attorney's fees;

4. Awarding Plaintiff the costs of these proceedings; and

5.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

Dated: Carle Place, New York
August 6, 2012

Yours, etc.

TED J. TANENBAUM & ASSOCIATES, P.C.
Attorney for Plaintiff

By: TED J. TANENBAUM (TT-0852)
One Old Country Road
Suite 318
Carle Place, NY 11514
(516) 873-0011